**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MICHAEL ANDERSON,

                    Plaintiff,

-vs-                                                    Case No.  2:10-cv-96-FtM-29SPC

COLLIER COUNTY SHERIFF, COLLIER
COUNTY SHERIFF'S OFFICE, ALEX DOLL,
MICHAEL RAINES, PETER GREENBERG,
JOHN DOES 1, 2, AND 3,

                    Defendant.

_____/

**ORDER**

     This matter comes before the Court on Motion for Leave to Proceed *In Forma Pauperis*

(Doc. #3) filed on February 12, 2010.  On February 12, 2010, Plaintiff filed an Affidavit of Indigency

(Doc. #2) indicating his financial status qualifies this case to proceed  without the prepayment of

fees. On February 25, 2010, this Court denied the Motion without prejudice with leave to file an

amended complaint. (Doc. #5).  In that Order, the Court found that Plaintiff's Complaint (Doc. # 1)

failed to follow any format or provide specifics as to how the alleged Defendants violated a specific

constitutional right or law.  Accordingly, the Court required Plaintiff to file an Amended Complaint,

in accordance with Federal Rules of Civil Procedure 8 and 10 and gave him time to do so.  On March

17, 2010, Plaintiff filed his Amended Complaint.  (Doc. #8).  Thus, the Motion to Proceed *In Forma*

*Pauperis* (Doc. #3) is ripe for review.

When an application is filed to proceed *in forma pauperis*, the Court is obligated to review

the file pursuant to Title 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss the

case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which

relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune

from such relief.  28 U.S.C. §1915.   A complaint is considered to be frivolous when it "lacks an

arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).    *Pro se*

complaints should be held to a less stringent standard than pleadings drafted by attorneys.  Watson

v. Ault, 525 F.2d 886, 891 (5th Cir. 1976).[1]

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint,

in its entirety,  to determine whether an action should proceed based on the validity of the claim.

Pursuant to 28 U.S.C. § 1915(e), "any *in forma pauperis* action or appeal shall be dismissed at any

time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant

immune from such relief."  Joseph v. State Mut. Life Ins. Co. of America, 2006 WL 2220726, *1

(11th Cir. Aug. 4, 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).  The Court considers that the Plaintiff

is proceeding *pro se* and therefore, reviews the Amended Complaint (Doc. #8) with a less stringent

standard than those complaints written by attorneys.  Trawnski vs. United Technologies, 313 F.3d

1295 (11th Cir. 2002).  The Plaintiff's affidavit reveals that he has insufficient resources to conduct

the litigation, but the Court must now review the Amended Complaint to determine if it meets the

------

[1]   In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir., 1981) (*en banc*),the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

requirements of Fed. R. Civ. P 8(a)(2), as outlined in the Court's previous Order.  See Order Doc. #5.

In this case, it appears that Plaintiff is asserting a 42 U.S.C. § 1983 claim for injunctive and monetary damages against the Collier County Sheriff's Office, the Collier County Sheriff in his official capacity, and Officers Alex Doll, Michael Raines, and Peter Greenberg in both their official and individual capacities for violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.  He asserts that he has been subject to false arrest, police harassment, and violations of his civil and constitutional rights on multiple occasions beginning on February 14, 2006.  He seeks five million dollars in compensation and punitive damages.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 128 S.Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity,  each claim founded upon a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

Here, Plaintiff appears to have met the threshold required in the Federal Rules. Taking the Amended Complaint in accordance with <u>Trawinski</u>, it appears Plaintiff has alleged which acts were committed by each Defendant and how each act entitles him to relief. Further, Plaintiff has provided support in the statement of facts for the claimed violations for the Defendants so that a proper defense can be framed.

With regard to the Plaintiff's Affidavit of Indigency (Doc. #2), the Plaintiff has provided a brief account of his financial status. The Plaintiff notes his primary source of income is received from disability, he is responsible for the care and welfare of 4 dependents, and pays a monthly rent for his residence. After review, the Court concludes that there is sufficient information regarding his financial status to demonstrate economic justification for *in forma pauperis* status. Having found the Plaintiff's Affidavit demonstrates insufficient resources and the Amended Complaint having complied with the Federal Rules, the Court finds the Plaintiff meets the requirements to proceed *in forma pauperis*.

Accordingly, it is now

**ORDERED:**

(1)    The Plaintiff Michael Anderson's Motion for Leave to Proceed *In Forma Pauperis* (Doc. #3) is **GRANTED**.

(2)  The Clerk is directed to file all pleadings in this cause without prepayment of costs, and the United States Marshal, upon receipt of appropriate instructions in proper form from the Plaintiff, is directed to effect service of process without prepayment of costs or fees.

(3)   The Clerk is directed to provide Plaintiff with U.S. Marshal Forms 285.  Plaintiff shall

have **TWENTY (20) DAYS** from the date of this Order to prepare and forward the completed U.S.

Marshal Form 285 to the Court for service by the United States Marshal

 **DONE AND ORDERED** at Fort Myers, Florida, this ____30th____ day of December, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record